# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NING LU,                     )
                             )
        Plaintiff,         )
                             )      CIVIL ACTION
v.                           )
                             )      No. 13-2080-KHV
EVELYN KENDALL, et al.,      )
                             )
        Defendants.        )
_____)

## MEMORANDUM AND ORDER

Ning Lu brings suit pro se against Evelyn Kendall, Angela McHardie, Jonathan Thummel, Richard Kline, Brett Fisher, Katherine Rucker, Ron Lawson, James Crowl, Canan Armay, Shelly Buhler ("the Shawnee County defendants") and Derek Schmidt for alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff's allegations arise out of her employment. This matter is before the Court on two motions to dismiss. The first is <u>Derek Schmidt's Motion To Dismiss</u> (Doc. #26) filed March 20, 2013. The second, filed by all remaining defendants, is the <u>Motion to Dismiss Of Defendants Evelyn Kendall, Angela McHardie, Jonathan Thummel, Richard Kline, Brett Fisher, Katherine Rucker, Ron Lawson, James Crowl, Canan Armay, And Shelly Buhler</u> (Doc. #30) filed April 8, 2013. Schmidt moves to dismiss plaintiff's complaint because he was not plaintiff's employer and the suit seeks damages arising out of plaintiff's former employment. The Shawnee County defendants move to dismiss plaintiff's complaint (1) pursuant to Rule 12(b)(1), Fed. R. Civ. P., because this Court lacks subject matter jurisdiction and (2) pursuant to Rule 12(b)(6), Fed. R. Civ. P., because plaintiff has failed to state a claim on which relief may be granted against the Shawnee County defendants. For the following reasons, the Court sustains

both motions.

## **Legal Standards**

Defendants seek to dismiss plaintiff's claims under Rules 12(b)(1) and (b)(6), Fed. R. Civ. P., for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court also liberally construes the pleadings of a pro se plaintiff. See Jackson v. Integral, Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). This does not mean, however, that the Court must become an advocate for the pro se plaintiff. Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Iqbal, 556 U.S. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type

of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Factual Background**

Plaintiff simultaneously filed two complaint documents. The first is entitled "Employment Discrimination Complaint" and the second is entitled "Civil Complaint."[1] Complaint, Doc. ##1, 1-1 filed February 13, 2013. To these complaints, plaintiff has appended a separate three-page document for seven of the eleven defendants (Doc. ## 1-2, 1-3) and a copy of a notice of right to sue letter that she received in response to her charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") (Doc. #1-4). Much of the contents of the individual three-page documents are identical. To the extent that plaintiff has included factual allegations in any of these documents, the complaint alleges the following facts:

Plaintiff was employed as a correctional specialist with the Shawnee County Juvenile Detention Center from June 7, 2010 to May 9, 2012, when apparently her employment was terminated. Plaintiff suffered employment discrimination from three incidents which occurred between December of 2011 and May of 2012. These incidents occurred on December 12, 2011, March 3, 2012 and May 1, 2012. Although other employees were involved in these incidents, plaintiff was the only person whose employment was terminated. She asserts that the reason for termination was race, national origin, disability and age.

The incident on December 12, 2011, took place in "John's class room," but plaintiff does not describe it in detail. Plaintiff was the first to respond, running to get there, and she called for assistance. Other officers arrived and applied force to inmates who were fighting. Plaintiff checked on an inmate

---

[1] Both are forms that the District Court Clerk makes available to pro se litigants.

who was lying on the floor and called a nurse. Plaintiff followed her training in responding to the incident, but she was the only employee to receive a written reprimand from defendant Angela McHardie.

The incident on March 3, 2012, involved inmate Wade and it occurred on Delta Module. On that day, plaintiff did rounds every 15 minutes to check on the juveniles. Plaintiff does not describe what occurred, but states that she followed policies and training when she responded. Plaintiff received five days' suspension without pay as a result of the incident. Although other officers were also involved, none received that same penalty. Plaintiff complained to the union about her suspension and it was subsequently reduced to three days without pay.

The last incident, which took place on May 1, 2012, involved plaintiff asking defendant Brett Fisher to call 911 because plaintiff had a headache and high blood pressure. McHardie yelled at plaintiff and blocked her exit, forcing her to walk a long way to meet the ambulance in the parking lot. Plaintiff has had weakened circulation on the left side of her body since that time.

Plaintiff also describes an injury she sustained on January 10, 2013, during training at the Juvenile Detention Center. Plaintiff was between two officers when one began pushing her very hard on her right side and injured her. This conduct was not part of the "training list" and it has resulted in plaintiff being restricted from lifting more than 20 pounds on her right side.

As a result of these incidents, plaintiff suffers from depression. She had six emergency room visits in April and May of 2012 and had suicidal thoughts on one occasion during that time.

Plaintiff followed the policies and on-the-job training which she received from the Shawnee County Juvenile Detention Center and she respected her fellow employees and supervisors. When plaintiff met with defendants Kendall, Perez, Fisher and McHardie on March 7, 2012, plaintiff explained

that she had followed her training during the incident on March 3. Kendall accused plaintiff of insubordination – an allegation which she denies.

Plaintiff alleges that Kendall discriminated against her and treated her differently than others, and that her employment was terminated because of age and race. She alleges that Buhler applied incorrect information from the three incidents and discriminated against her. She alleges that Kline failed to properly manage the training which injured her on January 10, 2012, and that Kline discriminated against her and treated her differently and terminated her employment because of age and race. Plaintiff alleges that Thummel sent her a denial of employment letter on June 21, 2012 because of race, age and gender. Plaintiff alleges that McHardie also failed to properly manage the training and unfairly reprimanded her. She alleges that Crowl presented incorrect information about her to the EEOC. Finally, she alleges that Schmidt "is the government of Shawnee County" and that Shawnee County also provided incorrect information to the EEOC.

Plaintiff makes no separate allegations against Fisher, Rucker, Lawson and Armay.

## Analysis

The two motions to dismiss are based on separate grounds, and the Court considers them separately.

**I.     Derek Schmidt**

Schmidt asserts that the Court must dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., because it fails to state a claim against him. Plaintiff's entire allegation against Schmidt is as follows: "Defendant Schmidt as KS Attorney General is the government of Shawnee County. Defendant Schmidt violated KS Shawnee County Human resources policy 13." Complaint (Doc. #1-3) at 9. In Kansas, counties are self-governing and the Kansas Attorney General has no executive or

administrative authority over them. See Weber v. Bd. of County Comm'rs of Marshall County, 289 Kan. 1166, 1176 (2009) (explaining county's authority to self-govern). Based on the allegations, it appears that Schmidt had nothing to do with plaintiff's hiring, supervision or termination. For the reasons set forth in Schmidt's memorandum in support of his motion, the Court sustains the motion to dismiss.

## II. Shawnee County Defendants

The Shawnee County defendants assert that the Court must dismiss plaintiff's complaint because she has not established that this Court has subject matter jurisdiction. Their argument is based on the legal requirement that plaintiff must exhaust administrative remedies before she is permitted to file suit in federal court, and that failure to do so deprives the court of jurisdiction. Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012) (Title VII and ADA); Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA). The Court must look beyond the pleadings to examine plaintiff's administrative filings with the Kansas Human Rights Commission and the EEOC. Such examination is permissible in deciding a motion to dismiss for lack of jurisdiction, however, without converting the motion to one for summary judgment. Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002).

The Shawnee County defendants advance two exhaustion arguments. The first is that despite plaintiff's statement to the contrary in her complaint, plaintiff's administrative filings did not allege disability discrimination. Therefore, defendants argue, plaintiff has failed to exhaust administrative remedies as to a claim of disability discrimination and the claim must be dismissed. The Court has reviewed plaintiff's Charge of Discrimination and Notice of Charge of Discrimination and concludes that neither contains any mention of a disability. Furthermore, plaintiff did not check a box that appears on

both forms to indicate that disability is one of the circumstances of alleged discrimination.[2] She did check the boxes for race, color and age, thus displaying an ability to comprehend the forms. Plaintiff's failure to claim disability on her charge of discrimination means that she did not exhaust administrative remedies on that claim, and this Court lacks jurisdiction to consider her claim of discrimination based on disability.

The Shawnee County defendants next argue that this Court does not have subject matter jurisdiction over any of them because plaintiff did not name individual defendants in her charge of discrimination. In her charge, plaintiff wrote that the employer who she believes discriminated against her is the Shawnee County Adult D.C. and Juvenile Detention Center. Because plaintiff did not name the Shawnee County defendants on the administrative charge, they contend that they should be dismissed.

When evaluating whether an individual party should be dismissed because plaintiff did not name that party in the administrative complaint, the Court applies the identify of interest test. The test involves the following four factors: (1) whether through reasonable effort before filing the charge plaintiff could have determined the role of the unnamed party; (2) whether the interests of a named party are so similar to the interests of the unnamed party that it would be unnecessary to name the latter to obtain voluntary conciliation and compliance; (3) whether the unnamed party suffered actual prejudice from not being named in the charging document; and (4) whether the unnamed party has represented to plaintiff that their relationship is to be through a named party. Romero v. Union Pac. R.R., 615 F.2d 1303, 1311-12

---

[2] The Shawnee County defendants attached these forms to the memorandum in support of their motion to dismiss, along with an affidavit attesting that the Shawnee County Counselor's Office received the documents from the Kansas Human Rights Commission and the EEOC in the normal course of its business. Doc. #31 at 10-14.

(10th Cir. 1980).

Plaintiff clearly knew the role of the Shawnee County defendants, all of whom are employed by the County. Indeed, plaintiff identifies each defendant's position in her response to defendants' motion. See Doc. #33. Plaintiff does not assert that these individual defendants are alter egos of the County such that they are rendered unnecessary for the purpose of obtaining voluntary conciliation and compliance. The Court is aware of no similarity of interests between Shawnee County and the individual defendants. The Shawnee County defendants claim that they would suffer prejudice if this lawsuit were allowed to go forward without them having had the opportunity to defend the charges at the administrative level, and the Court agrees. Finally, plaintiff has made no allegations with respect to the fourth factor.

Plaintiff has failed to demonstrate that she has met the identity of interest test. For the reasons set forth above as well as those set forth in defendants' memorandum, this Court lacks subject matter jurisdiction over the Shawnee County defendants.[3]

**IT IS THEREFORE ORDERED** that Derek Schmidt's Motion To Dismiss (Doc. #26) filed March 20, 2013, and the Motion to Dismiss Of Defendants Evelyn Kendall, Angela McHardie, Jonathan Thummel, Richard Kline, Brett Fisher, Katherine Rucker, Ron Lawson, James Crowl, Canan Armay, And Shelly Buhler (Doc. #30) filed April 8, 2013 be and hereby are **SUSTAINED**.

Dated this 8th day of October, 2013 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[3] Because the Court is without jurisdiction, the Court need not rule on defendants' alternative grounds for dismissal under Rule 12(b)(6), Fed. R. Civ. P. The Shawnee County defendants assert that the law of this Circuit precludes personal capacity suits under Title VII against individual supervisors. See Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). The Court agrees with this statement of the law.