# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NING LU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2080-KHV |
| EVELYN KENDALL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On October 8, 2013, the Court sustained the motions to dismiss filed by defendants. Memorandum and Order (Doc. #38). The Court held that Schmidt was not plaintiff's employer and she is therefore not entitled to recover damages against Schmidt. The Court further held that it lacks subject matter jurisdiction over the Shawnee County defendants. The Clerk of Court has entered judgment. (Doc. #43) filed November 15, 2013. This matter is before the Court on plaintiff's pro se Motions For Reconsideration (Doc. #39) filed October 16, 2013. For the reasons stated below, the Court finds that the motions should be overruled.

A litigant seeking reconsideration of a final judgment may file a motion to alter or amend the judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). Plaintiff filed her motion within this time and though she cites no authority for its submission, the Court construes it as one under Rule 59(e). See Hatfield v. Bd. of Cty. Comm'rs. For Converse County, 52 F.3d 858, 861 (10th Cir. 1995); Larson v. Del. Highlands AL Servs. Provider, No. 10-2295-KHV, 2012 WL 3599416, at *1 (D. Kan. August 21, 2012) (Rule 59(e) motion essentially motion for reconsideration).

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying

reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). Revisiting issues previously addressed is not an appropriate basis for reconsideration, nor is advancing new arguments or presenting facts that were previously available. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

In her motion, plaintiff urges the Court to reconsider the facts and arguments she previously asserted. She does not identify an intervening change in controlling law, point to new evidence or present a clear error in the Court's order which caused manifest injustice. For these reasons, the Court overrules the motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motions For Reconsideration (Doc. #39) filed October 16, 2013 shall be and hereby are **OVERRULED**.

Dated this 10th day of December, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge